IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 06-00033-001 |
| Plaintiff, | ) | |
| vs. | ) | **REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS IN A FELONY CASE** |
| JUDITH A.F. MATEO, | ) | |
| Defendant. | ) | |

On November 17, 2022, the Defendant entered admissions to the allegations in the Violation Petition (ECF No. 427), filed on November 1, 2022. *See* Minutes, ECF No. 430. On April 14, 2023, the Defendant entered admissions to the allegations in a Supplemental Declaration (ECF No. 436), filed on March 8, 2023. *See* Minutes, ECF No. 440. Finally, on July 6, 2023, the Defendant admitted to the allegations in the Second Supplemental Declaration (ECF No. 443), filed on June 7, 2023. *See* Minutes, ECF No. 447. Combined, the Defendant admitted to the following violations:

1. admitted to the use of "meth" on August 29, 2022, September 17, 2022, and October 20, 2022; admitted to the use of "ice" on April 10, 2023;
2. tested positive for methamphetamine on February 2, 2023; and
3. failed to report for drug testing on April 13 and 30, 2023, and on May 16, 2023.

*See* Second Am. Violation Worksheet at ¶7, ECF No. 443-1.

On July 26, 2023, the parties presented their respective positions on an appropriate sanction for the above violations. *See* Minutes, ECF No. 450. Having heard argument from the parties, the court now issues this Report and Recommendation with regard to the disposition for the supervised release violations.

///

# BACKGROUND

## A. Conviction and Sentence

On October 14, 2008, the Chief Judge sentenced the Defendant to 51 months' imprisonment for Count 1 (Conspiracy to Distribute Methamphetamine Hydrochloride) and to 60 months' imprisonment for Count 4 (Use of a Firearm During and in Relation to a Drug Trafficking Crime), to be served consecutively, followed by five years of supervised release for Count 1 and three years for Count 4, to be served concurrently. *See* Am. J., ECF No. 172. Among various conditions of supervised release, the Defendant was ordered to participate in a substance abuse program to include testing and to submit truthful and complete monthly reports. *Id.* at 3-4.

The Defendant's original term of supervised release commenced on September 12, 2014. *See* ECF No. 254.

## B. Post-Conviction Conduct

On November 24, 2014, an informational report was filed advising the court that the Defendant tested positive for methamphetamine and subsequently admitted that she used "meth" while attending a party. At the request of the probation officer, the court took no action on the reported violation. *See* Order, ECF No. 260.

On December 19, 2014, the court modified the Defendant's supervised release conditions to include the performance of 50 hours of community service as a sanction for a positive drug test on November 20, 2014. *See* ECF No. 268.

On November 26, 2014, the Defendant was accepted to participate in the DORE program. *See* Minutes, ECF No. 257. She received numerous sanctions while in the program, but she finally completed the program on February 22, 2017, *see* Minutes, ECF No. 364, and had her term of supervised release reduced by one year. *See* Mot. to Reduce and Order, ECF No. 365.

On March 2, 2018, the Chief Judge revoked the Defendant's supervised release term and sentenced her to time served with 42 months of supervised release. *See* Revoc. J., ECF No. 393. The revocation was based on her testing positive for methamphetamine, failing to report for drug testing, failing to attend a counseling session, failing to notify the probation officer prior to changing her residence, failing to following the instructions of the probation officer, and failing to submit her

monthly supervision report. *Id.* and Report and Recomm., ECF No. 387.

On July 23, 2019, an informational report was filed after the Defendant tested positive for methamphetamine and subsequently admitted to using "ice." *See* ECF No. 401. At the request of the probation officer, the court took no action on the reported violation. *See* Order, ECF No. 402.

On October 4, 2021, the Chief Judge again revoked the Defendant's supervised release term a second time and sentenced her to nine months' imprisonment, with credit for time served, and 33 months of supervised release. *See* Revoc. J., ECF No. 424. The revocation was based on her failure to appear for drug tests, failure to submit a monthly supervision report, submission of diluted urine specimens failure to provide valid urine specimens, failure to participate in substance abuse treat, testing positive for methamphetamine and admission to drug use. *Id.* The court re-imposed similar conditions of supervised release requiring the Defendant to refrain from the unlawful use of controlled substances and to submit to drug testing. *Id.*

The Defendant's current term of supervised release commenced on April 8, 2022. *See* Violation Pet'n at 1, ECF No. 427.

## CURRENT VIOLATIONS

**A.  Filing of Violation Petition**

On November 1, 2022, the probation officer filed the instant Violation Petition and supporting declaration, *see* ECF No. 427, alleging the Defendant violated her supervised release conditions as further discussed below:

| DATE | ACTION |
|---|---|
| August 31, 2022 | Defendant submitted to a drug test at the Lighthouse Recovery Center ("LRC"), with a presumptive positive result for methamphetamine use. The Defendant denied using illicit substances, so the urine sample was sent for lab analysis. The lab report received on September 13, 2022, confirmed the positive result for methamphetamine.<br><br>On September 21, 2022, the probation officer met with the Defendant, and the Defendant signed an admission form attesting to the use of "meth" on August 29, 2022. |
| September 17, 2022 | Defendant submitted to a drug test at LRC, which was presumptive positive for methamphetamine. The urine sample was sent for analysis when the Defendant denied using illicit substances. The report received on September 28, 2022, confirmed the positive result for methamphetamine. |

| | |
|---|---|
| October 25, 2022 | Defendant met with the probation officer to discuss the lab report for the September 17th presumptive positive test. The Defendant signed an admission form attesting to the use of "meth" on September 17, 2022.<br><br>Additionally, Defendant informed the probation officer that she was subjected to a drug test at LRC which was presumptive positive for methamphetamine. She executed another admission form attesting to the use of "meth" on October 20, 2022. |

At the request of the probation officer, the court ordered that a summons issue for the Defendant to appear on November 17, 2022, and answer to the allegations. *See* Order, ECF No. 429.

**B.    Initial Appearance and Admission**

On November 17, 2022, the Defendant appeared before the court, and the Federal Public Defender was appointed to represent her. *See* Minutes, ECF No. 430, and Appointment Order, ECF No. 432. The Defendant entered admissions to all the allegations. Ms. Kottke asked that the court continue the matter to allow the Defendant to demonstrate she can be compliant. Ms. Kottke stated that the Defendant was seeking assistance from the probation office to get into sign language classes and to obtain her health certificate. The probation officer reported that the Defendant attends drug treatment sessions three times each month, but missed yesterday's session so it was rescheduled. The Defendant also submits to drug tests five times per month. The probation officer had no objection to setting a status hearing in about one month. The court addressed the Defendant, telling her that she must get serious about addressing her addiction. The court agreed to continue the matter and set a status hearing, but instructed the Defendant that she must strictly comply with all her conditions, must attend all treatment sessions with her provider and not reschedule them. The court stated that it although the Defendant had great plans for her future, these plans are useless if she does not get her meth addiction under control. The matter was then continued to December 15, 2022, for a progress hearing.

**C.    Subsequent Progress Hearings**

On December 15, 2022, the Defendant again appeared before the court. *See* Minutes, ECF No. 433. The probation officer reported that the Defendant had a treatment session on December 6, 2022, but did not attend it and instead went to a session the following day. Additionally, she failed to report for a drug test on November 30, 2022, but reported the following day for a drug test, with

the sample sent for lab analysis and the results still pending. Additionally, the Defendant's urine sample collected on December 9, 2022, was awaiting lab confirmation. The court again instructed the Defendant to attend all her treatment sessions and encouraged her to look at attending self-help groups as well. Without objection, a further progress hearing was set for January 5, 2023.

On January 5, 2023, the Defendant appeared before the court, but defense counsel was not present.[1] *See* Minutes, ECF No. 434. The probation officer stated that there were no new violations since the last court hearing. The court continued the Defendant's progress hearing to February 9, 2023, and stated that a disposition hearing would be set at the next hearing.

On February 9, 2023, the parties appeared before the court, *see* Minutes, ECF No. 435, and the probation officer reported that the Defendant tested presumptive positive on a drug test administered on February 2, 2023, but because she denied use of illicit substances, the sample was sent for lab analysis and was then pending. The probation officer also noted that the Defendant had been attending her treatment sessions (individual sessions scheduled at a rate of three sessions per month) and was subject to random drug testing five times a month. The Defendant last tested on February 3, 2023, which was negative. Without objection, a hearing for the parties to present arguments on disposition was scheduled for March 9, 2023.

**D.    Filing of Supplemental Declaration**

On March 8, 2023, the probation officer filed a Supplemental Declaration asserting that the lab report received on February 15, 2023, confirmed that the urine sample collected on February 2, 2023, was positive for methamphetamine. *See* Suppl. Decl, ECF No. 436.

**E.    Further Court Hearings and Admissions**

On March 9, 2023, the Defendant appeared before the court. *See* Minutes, ECF No. 437. Ms. Kottke stated that the new allegation in the Supplemental Declaration changes the landscape since the Defendant now faces mandatory revocation. Defense counsel asked that arguments on disposition be pushed back so that the Defendant can show she can be compliant, since she was going to all her counseling classes and recently obtained her driver's license. The court continued

---

[1] Assistant Federal Public Defender Leilani Lujan had another court hearing at the time.

the answering on the Supplemental Declaration to March 30, 2023,[2] and stated the court would determine where to go after the Defendant has answered the new allegation.

On April 14, 2023, the parties appeared before the court. *See* Minutes, ECF No. 440. Prior to the court hearing, the Defendant submitted to a drug test. Defense counsel stated that the Defendant will admit to the allegation in the Supplemental Declaration. Additionally, Ms. Kottke conceded that the Defendant tested presumptive positive on the drug test administered just prior to the hearing and signed a written admission form attesting to drug use on April 10, 2023, stating that the Defendant experienced stressors upon the recent death of her nephew. Ms. Kottke stated she still needed to speak with the Defendant about possible disposition options. The court continued arguments on disposition to June 6, 2023,[3] and ordered the Defendant to continue going to counseling and meet with her probation officer. The court allowed the Defendant to remain on release.

**F.    Filing of Second Supplemental Declaration**

On June 7, 2023, the probation officer filed a Second Supplemental Declaration alleging the Defendant missed three drug tests and admitted to the use of "ice" on one occasion. *See* Second Suppl. Decl., ECF No. 443. Apparently, on April 13, 2023, the Defendant failed to report for a drug test at LRC. She reported the following day to the probation office and submitted to a drug test prior to her court hearing and was presumptive positive for methamphetamine. Defendant signed an admission form that she used "ice" on April 10, 2023. Additionally, the Defendant failed to report for drug tests at LRC on April 30, 2023, and May 16, 223. She failed to inform the probation officer that she did not report for drug testing on April 30th, despite meeting with the probation officer on May 1st to submit her monthly supervision report. As for the May 16th missed drug test, the Defendant stated she had "no ride." The Defendant submitted to "make up" tests on May 2 and 17, 2023, and was negative each time.

---

[2] The hearing was later moved to April 14, 2023, at the request of the government. *See* ECF Nos. 438-39.

[3] The hearing was later moved to June 8, 2023, because of the typhoon's aftermath.

### G. Issuance of Warrant

On June 8, 2023, the Defendant did not appear for the court hearing. *See* Minutes, ECF No. 444. The probation officer stated that attempts to contact the Defendant on her cellular phone were unsuccessful. The probation officer also reported that he spoke with the Defendant's sister, who said the Defendant was at home, so the probation officer asked that the sister ask the Defendant to call her probation officer once the sister arrived home, but the probation officer did not receive any call. The Defendant's sister also stated that the Defendant had not been home for several days. The probation officer stated that the Defendant missed a scheduled drug test the day prior (June 7, 2023) and made no contact with the probation officer following the missed test. The court then ordered that a warrant issue for the Defendant's arrest.

On June 20, 2023, the Defendant was arrested by the U.S. Marshals. *See* Arrest Warrant Return, ECF No. 445.

### 8. Return of Warrant and Further Admissions

On June 22, 2023, the Defendant appeared before the court on the return of the arrest warrant. *See* Minutes, ECF No. 446. Ms. Kottke stated that she was not prepared to enter an answer on the new allegations in the Second Supplemental Declaration and needed to speak with the Defendant first. Without objection, the matter was continued to July 6, 2023, and the court ordered the Defendant to be detained pending the next hearing.

On July 6, 2023, the Defendant appeared in court and admitted to all the allegations in the Second Supplemental Declaration. *See* Minutes, ECF No. 447. Defense counsel asked for a short continuance to confirm some relevant information she wanted to present in arguing an appropriate sanction for the violations. Without objection, the matter was continued to July 20, 2023.

On July 20, 2023, the parties again appeared before the court, and Ms. Kottke asked for a short continuance because she was still trying to contact someone from WestCare to obtain information regarding the Defendant's treatment in the Path to Freedom Program with the Veteran's Administration, which would provide an explanation why the Defendant slipped when she had been doing well with her treatment. *See* Minutes, ECF No. 448. Without objection, the court continued arguments on disposition to July 26, 2023.

On July 26, 2023, the Defendant appeared before the court, and counsel and the probation officer presented their respective arguments as to an appropriate sentence for the violations. *See* Minutes, ECF No. 450. Having reviewed the record herein and considered the parties' arguments, the court now issues this Report and Recommendation.

## LEGAL STANDARD

The standard of proof for revocation of supervised release is governed by statute. A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). Revocation is mandatory if a defendant fails to comply with drug testing or tests positive more than three times over the course of one year. *See* 18 U.S.C. § 3583(g)(3) and (4).

## PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED

According to the Second Amended Violation Worksheet notes that the allegations are Grade C violations, with a guidelines range of 3-9 months of imprisonment, based on the Defendant's criminal history category of I, followed by 24-30 months of supervised release. *See* Second Am. Violation Worksheet at ¶¶7-10 and 13, ECF No. 443-1. The Defendant is subject to mandatory revocation.

This is the Defendant's third revocation proceeding. Her conviction for Count 1 was a Class A felony, so the Defendant faces a maximum revocation sentence of five years pursuant to Section 3583(e)(3). Prior revocation sentences amount to a little more than 15 months' imprisonment (six months and three days for the first revocation and nine months for the second revocation).

The probation officer recommended a sentence of six months' imprisonment and 27 months of supervised release. The probation officer noted this was the Defendant's third revocation, and that the court had been quite tolerant with the Defendant since the filing of the Violation Petition in November 2022. The probation officer asserted that the mid-range sentence was consistent with the court's policy of imposing graduated sanctions.

1   Defense counsel argued that graduated sanctions were not warranted here where the Defendant already received lengthy sentences for the first and second revocation proceedings. She asserted that the Defendant had demonstrated improvement since the filing of the Violation Petition. Ms. Kottke stated that between January and February 2023, the Defendant had nine drug tests and tested negative on eight of them. She claimed that the Defendant had quite a few more negatives than positives during the last year or so. Ms. Kottke stated that the Defendant experienced two specific "triggers" that derailed the Defendant's progress. The first was in April when her sister's nephew went to jail and was later found hanging in his cell. Defense counsel asserted that this was very traumatic for the Defendant, especially because she had just spoken with him the day before he died. Ms. Kottke stated that during the nine days of his rosary, the Defendant had contact with bad influences, but with the probation officer's assistance, the Defendant managed to get through that difficult time. Ms. Kottke claimed the second trigger for the Defendant was Typhoon Mawar, after which the Defendant failed to appear for her court hearing. Defense counsel pointed out some positives over the past year, such as the Defendant participating in the Path to Freedom ("PTF") wrap-around services which assists veterans in finding employment and housing. The Defendant completed courses in Effective Resume Writing, Microsoft Excel and Conflict Resolution, and is taking other trainings/workshops that are aligned with her employment goals. *See* Exs. 1-2, ECF No. 449. Ms. Kottke also noted that the probation office purchased materials for American Sign Language ("ASL") since the Defendant wanted to be an ASL interpreter. The Defendant also obtained her health certificate to make her more employable. Ms. Kottke stated the Defendant would take the opportunity to do an inpatient program, but there are long wait lists for the beds. Ms. Kottke asked that the court impose a split sentence of one month imprisonment and five months of home detention with location monitoring, which would allow the Defendant to continue her PTF courses and get outpatient drug treatment. Alternatively, she asked that the Defendant serve two or three months' imprisonment and then another three to four months on home detention with location monitoring. Defense counsel argued that such recommendations were sufficient but not greater than necessary under these circumstances.

Counsel for the government concurred with the probation officer's recommendation.

Ms. San Nicolas noted that the Defendant was originally sentenced in 2008, and since that time was given the tools necessary to address her drug addiction, including completing the DORE program in 2017. Counsel argued that the Defendant should be less concerned with enhancing her employment skills and more focused on getting inpatient care for her addiction.

The court notes that it has given the Defendant numerous chances in the past, and normally graduated sanctions are imposed for subsequent violations. Nevertheless, the court believes that a graduated sanction is not warranted here. The Defendant's violations are all related to her drug addiction. She did not commit another crime, nor has she absconded from supervision for a lengthy period as she has done in the past. The Defendant has demonstrated that she can stay sober and compliant with her conditions. Unfortunately, the death of her nephew and the recent typhoon caused her to relapse. What the Defendant needs is more intensive treatment services, not more time incarcerated where she will not receive any substance abuse counseling. The court commends the Defendant for taking courses and workshops that will help her obtain a job. It is not easy for individuals with a criminal history to find and maintain employment. But studies have shown that employment can strengthen commitment to recovery and a lower rate of relapse. Given the Defendant's circumstances and the nature of the violations, the court recommends a sentence of four months' imprisonment and 30 months of supervised release. The recommended sentence is reasonable and not harsher than necessary to provide just punishment and adequate deterrence.

### RECOMMENDATION BY MAGISTRATE JUDGE

Having considered the above factors, the undersigned recommends the Chief Judge (1) accept the Defendant's admissions to violations noted above, (2) revoke the Defendant's supervised release term and (3) sentence her to four months' imprisonment, with credit for time served,[4] followed by 30 months of supervised release.

///

///

---

[4] The Defendant has been detained since her arrest on June 20, 2023, giving her 106 days of confinement credit as of the date of this Report and Recommendation.

A disposition hearing shall be held on October 19, 2023, at 1:30 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Oct 04, 2023

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**